

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 2, 1948

Hon. Geo. H. Sheppard　　　　　　Opinion No. V-695
Comptroller of Public Accounts
Austin, Texas　　　　　　　　　　Re: Authority of the Com-
　　　　　　　　　　　　　　　　　　missioners' Court to
　　　　　　　　　　　　　　　　　　appoint the County
　　　　　　　　　　　　　　　　　　Judge as commissioner
　　　　　　　　　　　　　　　　　　to sell land bought at
　　　　　　　　　　　　　　　　　　foreclosure sale at
　　　　　　　　　　　　　　　　　　private or public sale.

Dear Sir:

　　　　We refer to your letter in which you submit
the following:

　　　　"1.　May the Commissioners Court ap-
　　point its County Judge to act as a Commis-
　　sioner to make (a) private sale, (b) pub-
　　lic sale, of the property purchased by the
　　County as a taxing unit at the tax fore-
　　closure sale?

　　　　"2.　If the Commissioners Court act
　　as a body in selling the property at pri-
　　vate sale, how shall the the deed of convey-
　　ance be executed?"

　　　　Your inquiry pertains to the sale of land pur-
chased at foreclosure sale as provided in Section 9 of
Article 7345b of Vernon's Civil Statutes, as amended by
H. B. 695, Acts 50th Leg., R. S. 1947, page 1061, which
provides procedures for the sale of property purchased
by a taxing unit at foreclosure sale in favor of more
than one such unit. The taxing unit which puchases
property at tax sales may sell the property at either
public or private sale, but may not sell such property
at private sale for a price less than the adjudged value
of the property or the total amount of the judgement which
was rendered against the property, whichever is lower,
without the consent in writing of all units in favor of
whom such judgment is rendered. The pertinent parts of
said section read:

"Sec. 9. If the property to be sold to any taxing unit which is a party to the judgment under decree of Court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, . . . The taxing unit may sell and convey said property so purchased by it, or which has heretofore been purchased in the name of any officer thereof, at anh time in any manner determined to be most advantageous to said taxing unit or units, either at public or private sale, subject to any then existing right of redemption; . . .but such property shall not be sold by the taxing unit purchasing the same, at private sale, for less than the adjudged value thereof, if any, as established in the tax judgment, or the total amount for which such judgment was rendered against the property in said suit, whichever, is lower, without the written consent of all taxing units which in said judgment shall have been found to have tax liens against said property. All such consents shall be evidenced by the joinder in the conveyance by the consenting taxing units, acting by the officers herein authorized to give such consents. . . and consents on behalf of other taxing units may be given by the presiding officers of their governing bodies. Deeds executed hereunder by taxing units shall be executed in their behalf by the presiding officer of their governing body. Public sales hereinabove provided for may either be made by the Sheriff, at the request of the taxing unit purchasing the property at the tax foreclosure sale, or by any Commissioner appointed by such taxing unit by resolution of its governing body. . . Any taxing unit, Sheriff, or Commissioner appointed by a taxing unit, making any sale under provisions hereof shall execute and deliver to the purchaser at such sale a deed of conveyance, conveying all right, title and interest of all the taxing units interested in the tax foreclosure

judgments in and to the property so sold;
. . .

We are of the opinion that section 9 of Article 7345b, as amended in 1947 by the 50th Legislature, authorizes the Commissioners' Court of a county which purchases property as a taxing unit, at tax sale under foreclosure of tax liens, to appoint the County Judge to act as commissioner to sell such property at public sale. If the land is sold at private sale, the Commissioners' Court acts as a body in making such sale, and the "presiding officer" of the court should execute the deed of conveyance.

## SUMMARY

The Commissioners' Court may appoint
the County Judge as a commissioner to sell
at public sale land bought by the county,
as a taxing unit, at a tax foreclosure sale
as provided by section 9, Art. 7345b, V. C. S.,
as amended by the 50th Legislature. The deed
under private sale should be executed by the
"presiding officer" of said Court.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

WTW:wb:mw

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL